[No. 1222, February 26th, 1908.]

HOME SAVINGS BANK OF DES MOINES, IOWA, Appellee, v. K. S. WOODRUFF, et al, Appellants.

SYLLABUS (BY THE COURT).

1. The request of the defendants in the Trial Court for leave to amend their answer by a denial of the execution of the mortgage on which the complaint was based, made after a jury had been empaneled and a great part of the evidence for the plaintiff introduced, was properly denied.

2. A party who by his pleadings in express terms, or by omitting to traverse what has been before alleged, has taken a certain position in a cause, cannot be permitted, especially after a verdict to "mend his hold" by taking a new and inconsistent position.

3. The mortgagee of record is ordinarily, at least, a proper party to make the affidavit of renewal.

4. The mortgagee under a chattel mortgage had sold and endorsed the notes secured by the mortgage to a third party, but it did not appear that the mortgage itself had been assigned to the purchaser, and the mortgagee remained liable on the notes as indorser. The mortgage itself provided, in substance that it should be security for the mortgagee so long as it should remain liable as indorser of the notes, and that it should have in such a case a concurrent right with the indorsee to foreclose the mortgage: Held, that an affidavit of renewal was properly made by the mortgagee of record.

5. The mortgagee being a corporation and the affidavit of renewal in its behalf necessarily made by an individual, evidence that the one who made the affidavit in question here, in which he was alleged to be the "agent and president" of the mortgagee was at the time the manager of the corporation and became its president about that time and that the mortgagee had adopted and was claiming under the affidavit of renewal is sufficient, in the absence of evidence to the contrary as to that particular, to warrant an instructed verdict for the plaintiff.

6. Sections 2362 and 2363 of the Compiled Laws of 1897, are to be construed together in relation to the effect of the affidavit of renewal there provided for, and so construed their plain intent is that the late filing of the affidavit of renewal provided for by Sec. 2363 shall be as effectual except as against purchasers, mortgagees whose mortgages have been recorded prior to it, and those who have obtained liens on it in good faith, as if it had been filed as required by Sec. 2362, within thirty days after the end of each year of its life.

7. When, at the conclusion of the evidence, both parties move for a directed verdict, it amounts to an assertion by each that there is no question of fact for the jury and a waiver of any requests for instructions to the jury as to questions of fact.

Appeal from the District Court for Chaves County, before W. H. Pope, Associate Justice. Affirmed.

REID & HERVEY for Appellants.

In actions of trover and conversion it is necessary for the plaintiff to allege ownership or possession of the property alleged to have been converted. 21 Enc. P. & P. 1062, 1114.

A renewal affidavit filed after the time fixed by Section 2362, Compiled Laws of 1897, for filing the same, does not revive such mortgage as against a judgment creditor. 1 Cobbey on Chattel Mortgages, secs. 526-531-541; Heider v. Walther, 9 N. Y. Supp. 926; Corbin v. Kincade, 23 Kan. 629, 7 Pac. 145; Lockwood v. Crawford, 29 Kan. 286; Cooper v. Brock, 41 Mich. 491, 2 N. W. Rep. 660; Walcott v. Ashenfelter, 5 N. M. 442, 457.

"The statute in regard to chattel mortgages is in derogation of the common law and should be strictly construed." Cobbey on Chattel Mortgages, sec. 562; Porter v. Dement, 35 Ill. 478; Marsden v. Cornell, 62 N. Y. 215.

"A refiling without a statement of the interest of the mortgagee is of no effect." 2 Cobbey on Chattel Mortgages, sec. 593.

Under Section 2362, C. L. 1897, the affidavit of renewal must be made by the mortgagee or his agent or attorney. Brass v. Green, 113 Ill. App. 58; Stewart v. Preston, 44 Am. Dec. 621; Petillon v. Noble, 73 Ill. 567; Clark v. Herring, 1 Md. Ch. 178; Merchant's National Bank v. Abernathy, 32 Mo. App. 211; Campbell etc. v. Raeder, 44 Mo. 324; Kavanaugh v. Brodball, 40 Neb. 875, 59 N. W. 517; Houch v. Linn, 48 Neb. 227, 66 N. W. 1103; Langdon v. Buell, 9 Wend. 80; Gilmon v. Roberts, 79 Wis. 450, 48 N. W. 522; Graham v. Beinu, 3 Wyo. 746, 30 Pac. 446.

"In trover by the assignee of a note and chattel mortgage against a sheriff who has levied upon the mortgaged chattels as the property of the mortgagor, the note described in the mortgage is not admissible in evidence without proof of its execution." Flynn v. Hathaway, 65 Ill. 462.

"In states where the strict system of common law pleading has been modified by statute, and especially in

Savings Bank v. Woodruff.

states where the code system of pleading has been adopted, decisions granting or refusing leave to amend are subject to review." 1 Enc. Pl. & Pr. 516, 518, 525; Garrison v. Goodale, 23 Ore. 307, 31 Pac. 709; Langhome v. Richmond City Ry., (Va.), 22 S. E. 357.

SCOTT & DUNN, for the Appellee.

Plaintiff alleged facts showing its right to possession of the mortgaged property at the time of its conversion by defendants and this was all the averments needful.          6 Enc. P. & P. 878, 879; McIntyre v. Ajax Min. Co., 20 Utah 323, 60 Pac. 552; Frank v. Bullion Beck & Champion Min. Co. (Utah) 56 Pac. 421; Raimond v. Eldridge, 43 Cal. 506; Brunswick etc. Co. v. Brockett, (Minn.) 33 N. W. Rep. 214; 28 A. & E. Enc. Law 659; 2 Cobb. Chatt. Mortg., 655, 742; Smith v. Koust, (Wis.), 7 N. W. Rep. 293; Carpenter v. Longan, 16 Wall. 271; C. L. 1897, sec. 2685, sub-sec. 49; 21 Enc. P. & P. 1066 citing Decker v. Mathews, 12 N. Y. 313.

Although a chattel mortgage is not renewed by affidavit within thirty days next preceding the expiration of one year from the date of its filing, as directed by sec. 2362, C. L. 1897, still if the renewal affidavit be made and filed before the mortgaged property is sold, or before a valid lien is obtained thereon, the mortgage is as effective as it would have been, had the affidavit been regularly filed. C. L. 1897, secs. 2362, 2363, 2366-2369; Wolcott v. Ashenfelter, 5 N. M. 442, 23 Pac. 784; 26 A. & E. Enc. Law. 597.

When written instruments are referred to in a pleading and copies thereof are incorporated in such pleading, the genuineness and due execution thereof and of every endorsement thereon shall be deemed admitted, unless in a pleading or writing filed in the cause, within the time allowed for pleading, the same be denied under oath. C. L. 1897, sec. 2984; Oak Grove etc. Co. v. Foster, 7 N. M. 650, 41 Pac. 522; Mills v. U. S. Bank, 11 Wheat. U. S. 431; George T. Smith & Co. v. Rembaugh, 21 Mo. App. 390; Greene v. Osceola Gold Mines Co. Limited, Cal., 86 Pac. 733; McCormick v. Stockton & T. C. R. Co.,

Cal., 62 Pac. 267; Shaw v. Schoonover v. Jacobs, Iowa, 21 L. R. A. 440.

The court did not abuse its discretion in refusing to allow the defendants to raise a new issue after the case had gone to trial and considerable evidence had been introduced. 1 Enc. Pl. & Pr. 525 and cases cited; Gould v. Gleason et al, 10 Wash. 476, 39 Pac. 123; York v. Stewart, Mont., 43 L. R. A. 125; Bullitt Co. v. Washer, 130 U. S. 142, 32 L. ed. 885; Skagit R. & Lumber Co. v. Cole, 2 Wash. 57, 25 Pac. 1077.

### STATEMENT OF FACTS

The plaintiff says that on November 20, 1903, C. W. and R. S. Walker, executed a mortgage of certain cattle ranging in Chaves County, New Mexico, to the Barse Livestock and Commission Company, to secure the payment of a **promissory note in the sum** of $14,869.75, dated Nov. 20th, 1903, and another note of the same date for $350; that said note first named was given in renewal of a note between the same parties of earlier date; that on June 7, 1904, said notes of Nov. 20, 1903, were renewed between the same parties by three notes aggregating $15,236, and the last named notes were renewed between the same parties, Nov. 2, 1904, as to the amount then due, by a note for $11,174.85, payable Oct. 1, 1905, bearing interest from date at seven per cent, per annum; that the last named note with the interest and attorneys fees in it provided for remained due and unpaid; that said mortgage was duly recorded; that on May 8, 1905, the mortgagee above named, by its duly authorized agent and president, C. T. McCoun made an affidavit of renewal of said mortgage which was duly recorded May 11, 1905; that on August 10, 1905, the defendant Woodruff, Sheriff of Chaves County, at the instance of the defendant bank, took possession of a portion of the mortgaged property under a certain execution in favor of the defendant bank, and forthwith proceeded to advertise the same for sale; that on Sept. 9, 1905, the defendants did sell and convert to their own use sixty seven head of said cattle, and on Oct. 24, 1905, forty one head, which were of the reas-

Savings Bank v. Woodruff.

onable market value in all of $2,160, for which sum with interest and costs the plaintiff prayed that it have judgment.

The defendants did not deny the allegations of seizure by them of a part of the mortgaged cattle on execution as the property of C. W. & S. R. Walker, but, in effect, justified, under the execution above named, which they say was issued on a judgment in favor of the defendant bank, recovered prior to the time when the affidavit and record of renewal were made. They allege that the renewal of the mortgage was in several particulars named in the opinion which follows, invalid as to them. The provisions of the mortgage which are essential to the discussion of the questions before us, are; as follows: That it should be security for renewals of the notes originally given with it; that the mortgagors should remain in possession of the mortgaged property until from any cause the security should become inadequate or the mortgagee should "deem itself insecure" when it shall be lawful for it to enter any place where the property may be "to remove and dispose of the same at public auction or private sale," and that the mortgage is intended as security for the second party so long as it may be in any manner interested in the payment of the indebtedness hereby secured, whether as payee, endorser, guarantor or otherwise, and that in the absence of express agreement between the second party and any transferee of said indebtedness the right to enforce the mortgage should be vested in said second party and such transferee concurrently. The mortgage also contained a representation "for the purpose of obtaining the money at this time", that the first parties were at the time the absolute owners and in possession of the mortgaged property, and that it was free from encumbrance.

#### OPINION OF THE COURT.

ABBOTT, J.—The appellants, the defendants in the trial court call in question the propriety of the action of that court in refusing to allow an amendment to their answer denying the execution of the mortgage in question, on motion made after a jury had been empanelled and a

great part of the evidence for the plaintiff was in. The attorneys for the defendants, in support of the motion, said that they did not know until that morning, the authority for the execution of the mortgage was denied. The statement in the brief for the appellants goes somewhat beyond that in the motion itself, which does not show how they had then obtained the information on which it was based. But, accepting the statement of the brief, that the Walkers were non-residents and that the defendants did not know the real facts until the arrival of one of them at court that morning to testify, it would seem to have been practicable to have learned the facts by the correspondence, through which presumably the defendants secured the attendance of the witness Walker. If the motion had been allowed, it would have been necessary in justice to the plaintiff, as the court suggested, to continue the case to another term, at expense to the county, and inconvenience, if no more, to those interested in the case. The request for a continuance was, as appellants admit, addressed to the discretion of the court, and we think it was properly denied.

As the execution of the notes and mortgage in question was not denied, no proof of execution was necessary.

Considering next the contention of the appellants that the pleadings of the plaintiff failed to allege, and its evidence to show ownership either in itself or the Walkers, the mortgagors of the cattle in question, we think it not well founded for the reason that it is inconsistent with and opposed to the position taken by the defendants by their pleadings, and at the trial. They did not deny the distinct allegation of the plaintiff that they had seized and sold a part of the mortgaged cattle on execution as the property of the Walkers. They justified a renewal of the credit the defendant bank had given the Walkers, on the ground that the mortgage had apparently expired, leaving the cattle covered by it open to the claims of general creditors. No question appears to have been made of the ownership of the cattle until after verdict, on motion for a new trial. It cannot be said that there was nothing to call the attention of the defendants to the mat-

ter, as the copy of the mortgage set up in the complaint showed that the Walkers distinctly represented in it that they were the owners of the cattle. "An admission made in open court, or in the course of pleading, whether in express terms or by omitting to traverse what has been before alleged, must be taken as conclusive for all purposes of the case." The defendants cannot be permitted, especially after verdict thus to "mend their hold." Railway Co. v. McCarthy, 96 U. S. 258, 267.

Coming now to the alleged invalidity of the attempted renewal of the mortgage as against the appellants, we find the questions presented by no means free from difficulties. Secs. 2362 and 2363 Compiled Laws, 1897. Dealing first with the objection that the affidavit was invalid because it did not appear that C. T. McCoun, by whom it purports to have been made, had authority to make it, we hold that, as there was evidence that he was at the time the manager of the mortgagee corporation, and about that time its president, that it adopted and was claiming under the affidavit of renewal—the court was warranted, in the absence of evidence to the contrary, as regards that objection, in giving the jury an instruction to find for the plaintiff. Lathorp v. Blake, 23 N. H. 46; Toronto Bank v. McDougall, 15 U. C. C. P. 475.

The appellants claim that the Barse Livestock Commission Company was not at the time of the alleged renewal the mortgagee entitled to make such renewal, and that it should have been made by the plaintiff in this cause, the Home Savings Bank of Des Moines, Iowa, which had become the endorsee and owner of the several notes secured by the mortgage in succession, and the owner, as they say of the mortgage itself. The plaintiff, we think, had become at most no more than the equitable owner of the mortgage. It did not appear that it was the owner of record, or the assignee, unless by the indorsement to it of the note. The Barse Company, continued to hold the legal title, although it may have held it in trust for the plaintiff. It was liable as indorser on the mortgage notes, which had been transferred to the plaintiff, and it was expressly provided in the mortgage that under such

circumstances, it should retain the right of security by the
mortgage, and the concurrent right, at least, to foreclose
it in case of default.   Under these circumstances it was a
proper party, and perhaps the only party, to make the
affidavit of renewal.   Did the affidavit sufficiently state the
interest of the mortgagee?   The appellants contend that it
did not.   It gave the face amount of the note then secured
by the mortgage, including nothing for interest, although
at the time when the affidavit was made the accrued inter-
est was a little more than $400.   No interest was due, how-
ever, and the affidavit did not purport to include interest,
but naming the amount which, as it stated, the mortgage
was originally given to secure, added, "of which sum" there
is yet due and unpaid the sum of $11,174.85, which was the
amount of the last note given in renewal.   The meaning
of the statute providing for renewal is by no means clear
on the point in question, as counsel for the appellants must
have found, since, at the trial, they asked for an instruction
to the jury to the effect that the amount should have been
computed as of the date of filing the affidavit, and in their
brief claimed that it should have been what was due when
the filing was required to be made by sec. 2362.   The
language of the statute favors the latter construction, and
to that the affidavit conformed, while at the same time
it was not untrue if held to relate to the time of filing.
In that particular it could not have misled a creditor to
his harm, if he examined the record of the mortgage
itself, and substantial correctness in such a statement is
all that is required.   Vol. 6, Enc. of L. & Pr. 1093.   Pat-
terson v. Gillies, Sheriff, etc., 64 Barb. N. Y. 563. The law,
too, Sec. 2366, imposes a substantial penalty on a mortgagee
who fails to make and record a discharge of his mort-
gage when the debt secured by it has been paid, and the lack
of such a record was meant to and should serve as a warning
to creditors of the mortgagor.

But the appellants claim further, that as the defendant
bank, had obtained judgment against the Walkers before
the affidavit of renewal was filed, although the execution
under which the levy was made was issued after that time,
the renewal was invalid as against them.   There can be no

doubt that Sec. 2362, which requires renewal within thirty days of the end of each year of the life of a chattel mortgage is supplemented and modified by section 2363, which provides that an affidavit of renewal recorded later shall be as effectual as if recorded within the limit prescribed except as against purchasers, mortgagees whose mortgages are of earlier record, and one who has before the record "obtained a lien in good faith" on the mortgaged property. In this Territory a judgment is not a lien on personal property. Crenshaw v. Delgado, 1 N. M. 376; Walcott v. Ashenfelter, 5 N. M. 442. The defendant bank was, therefore, not within the exception of sec. 2363, and the seizure of the cattle in question under the execution in its favor was unlawful.

We have treated all the errors assigned by the appellants and discussed in their brief as being open for decision here, but on the authority of Bartlett v. Magoon, 157 U. S. 154, applied in the well considered case of Empire State Cattle Co. v. A. T. & S. F. Ry. Co., 147 Fed. Rep. 457, it would seem that by moving the trial court to direct a verdict for the defendants, a like motion having been made in behalf of the plaintiff for the direction of a verdict in its favor, they, in effect, waived the right to go to the jury on any question of fact, or in any other way.

The judgment of the District Court is affirmed.