**Nicholas KAWIETZKE and Valerie R. Kawietzke, Plaintiffs,**

v.

**William RARICH, Defendant,**

v.

**Nicholas KAWIETZKE, Third-Party Defendant.**

Civ. A. No. 23009.

United States District Court
E. D. Pennsylvania.

Oct. 25, 1961.

Elias Magil, Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for plaintiffs.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

Francis E. Marshall, Philadelphia, Pa., for third-party defendant.

GRIM, District Judge.

This suit arose out of a collision between two automobiles which had been proceeding in opposite directions. Each driver contended that his automobile was on the right side of the highway when the accident occurred and that the other

**842**

automobile was at least partly on the wrong side. At a jury trial a verdict was rendered in favor of the defendant. Plaintiff has filed a motion for a new trial.

One of the plaintiffs, Valerie Kawietzke, was the wife of plaintiff, Nicholas Kawietzke, who was the driver of one of the automobiles. The evidence was uncontradicted that she was a passenger in her husband's car at the time of the accident and that she received some injury. There was no evidence that she was guilty of contributory negligence. Plaintiffs' counsel presented a point for charge as follows:

> "1. If you find that Plaintiff Valerie Kawietzke was injured in an accident as a result of the negligence of the Defendant and that that negligence was the proximate cause or one of two or more proximate causes of that Plaintiff's injury, you will find a verdict for Plaintiff Valerie Kawietzke."

The trial judge affirmed this point for charge after having changed the last part of it from " * * * you will find a verdict for Plaintiff Valerie Kawietzke" to " * * * you may find a verdict in favor of Plaintiff Valerie Kawietzke." This change from "you will" to "you may", counsel contends, was a mistake for which a new trial should be granted.

■■■ This is a diversity case. The accident occurred in Pennsylvania. Consequently Pennsylvania law applies. Plaintiffs' case was based upon oral testimony. The Pennsylvania rule is that oral testimony, even though it may be uncontradicted is for the jury. Exner v. Safeco Insurance Co., 1961, 402 Pa. 473, 474, 167 A.2d 703. It would have been a mistake under the circumstances to have granted counsel's request, which in effect was to give binding instructions in favor of plaintiff Valerie Kawietzke. Read as a whole, the trial judge's charge fairly and properly presented the question of negligence to the jury.

Another aspect of the case requires comment. Defendants' counsel notified plaintiffs' counsel of the proposed taking of a deposition of a physician in Scranton at a certain time and place. At the time and place stated in the notice defendants' counsel was present but plaintiffs' counsel was not. After waiting over an hour, the taking of the deposition proceeded without plaintiffs' counsel being present. At the trial the plaintiffs objected to the use of the deposition because plaintiffs' counsel was not present at the taking of the deposition. The objection was overruled and the deposition was used at the trial.

■■■ Plaintiffs contend further that the deposition was not signed, sealed or filed as required by F.R.Civ.P. 30(e) and (f), 28 U.S.C. The deposition was taken on March 25, 1960. In his brief plaintiffs' counsel states: "Promptly after the deposition, Mr. Greer [then counsel for plaintiffs] communicated with Mr. Gekoski [counsel for defendants] calling his attention to what had occurred and notifying him that he would object to the use of the deposition." Apparently plaintiffs' counsel was aware immediately after the taking of the deposition of the alleged defect therein. The trial started on October 17, 1960. The situation, therefore, is governed by F.R.Civ.P. 32 (d) which is:

> Rule 32(d) "As to Completion and Return of Deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."

No motion to suppress was filed by plaintiffs. Since they had almost seven months to do this, and failed to do it, a motion to suppress was not made within a reasonable time and the alleged defects will be deemed to have been waived. The

deposition was properly read into evidence.

There is ample evidence to support the jury verdict. It will not be disturbed.

The motion for a new trial is denied.