**Orlando VALDEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18737.**

United States Court of Appeals
Ninth Circuit.

Dec. 18, 1963.

Davies, Barwick & Knowlton, and Kenneth A. Barwick, Lemon Grove, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil Section, and Clark A. Knicely, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

In this action brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671 et seq., appellant seeks damages for injuries sustained through the alleged negligence of a government employee in the operation of an automobile. Trial before the district court without a jury resulted in judgment for the United States.

Upon appeal from that judgment appellant contends that we should hold clearly erroneous the court's findings that the government driver was free from negligence and that appellant was guilty of negligence.

■ We may assume, arguendo, that the government driver was guilty of negligence and that appellant's many points in this respect are meritorious. However, the court's finding of negligence on the part of appellant cannot be held clearly erroneous, and his recovery consequently is barred by contributory negligence.

The accident occurred in San Diego, California, at an intersection. The government driver started to make a right turn and collided with appellant who was driving a motor scooter and was following and overtaking the government car on its right.

Section 21755 of the California Vehicle Code provides:

"The driver of a motor vehicle may overtake and pass another vehicle on the right only under conditions permitting such movement in safety."

There is evidence that the government driver had slowed to 10 miles per hour; that, by a turn indicator, he had given adequate notice of his intention to turn right; that he commenced the turn in the right-hand lane of a three-lane highway, some six to ten feet from the curb. Appellant was overtaking him entering the intersection at a speed of 25 miles per hour.

Upon this evidence a finding of negligence on the part of appellant was not clearly erroneous.

Appellant asserts as error the action of the district court in rejecting evidence offered by appellant to impeach testimony of a government witness to the effect that he knew the driver had signaled for a right turn since he had, while sitting in the rear of the government car, seen the light of the turn indicator reflected off a following car. The stricken evidence was testimony of an experiment tending to show that such reflection would not have been visible under the circumstances. The court also rejected testimony of an experiment conducted by the government tending to show the contrary.

The evidence of both experiments had been admitted subject to motion to strike. The court had considered it in the light of all evidence in the case and after due deliberation had rejected it and granted the motions to strike.

■ Under the circumstances we cannot say that rejection of the conflicting experiments constituted prejudicial abuse of discretion. This being a case tried to the court without a jury such action amounts to little more than an expression of the view that the conflicting evidence was wholly lacking in persuasiveness. Had it been allowed to remain in the record the result would certainly have been no different.

Appellant assigns as error the admission of an unsigned deposition which had been taken by appellant as part of his discovery. The witness had then been in military service. Upon his subsequent discharge he could not be found for the signing of the deposition. By signed statement the reporter, a notary public, certified that before testifying the witness was sworn, and that the deposition contained a full, true and correct statement of all questions and answers given.

Rule 30(e), F.R.Civ.P., provides in part:

"The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the offi-

cer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor  *  *  *."

Since the officer taking the deposition did not sign it and state the reason for lack of the deponent's signature, we may assume there was a technical noncompliance with Rule 30(e). However, at the time when such signature and statement by the officer might normally have been obtained, the parties intended that signature of the deponent would be procured and stipulated that counsel for the government would obtain it. Then, at the commencement of the trial, counsel for the government stated to the court that the deponent could not be found for the purpose of obtaining signature, and offered to stipulate admissibility of the deposition without signature.

■ The government argues persuasively that this method of informing the court of the reasons for the deponent's nonsignature was, in view of the circumstances and the purposes of Rule 30(e), a substantially adequate substitute for the technically prescribed method, giving the trial court the power to determine whether or not the reason given for lack of signature required rejection or allowed admission of the deposition. However, we do not reach this contention. Appellant in any event has waived the irregularity.

After government counsel at the commencement of trial had informed the court that the deponent could not be found and had offered to stipulate admissibility, appellant's counsel stated that he would wait until the government put on its case before deciding whether appellant wished to offer the deposition. No motion to suppress the deposition was made until, two days later, it was offered by the government as a part of its case.

In our judgment this did not comply with the requirement of Rule 32(d) that to avoid waiver of such irregularities in a deposition an objecting party must move to suppress the deposition "with reasonable promptness after such defect is, or with due diligence might have been, ascertained."

The position taken by appellant's counsel at the outset of trial was an indication that he was not concerned with irregularities and that his judgment as to use of the deposition would be governed by the state of the evidence.

Judgment affirmed.