570 P.2d 923

STATE of New Mexico,
Plaintiff-Appellee,

v.

John DOE, a child, Defendant-Appellant.

No. 2905.

Court of Appeals of New Mexico.

July 19, 1977.

Rehearing Denied Aug. 1, 1977.

Kimball R. Udall, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., John J. Duran, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The issues in this Children's Court case involve: (1) alleged hearsay evidence; (2) sufficiency of the findings; (3) right to confront accusers, and (4) sufficiency of the evidence that the child was in need of care and supervision.

The petition alleged that the child committed the delinquent act of burglary by entering a pickup truck with intent to commit a theft. The record indicates that the child tried to "rip off" a CB radio from the pickup.

A California family was visiting friends in Albuquerque. The pickup belonged to the California family; two sons of the California family were sleeping in the camper of the pickup; these two sons apprehended the child.

*Alleged Hearsay Evidence*

This evidentiary problem arises because the sons did not testify at the adjudicatory hearing; they had returned to California. The only testimony as to the burglary came from Mr. Clark, the Albuquerque host. Clark's testimony divides into three parts: (a) his testimony as to what the sons stated to him; (b) his testimony as to what the child stated; and (c) his testimony as to what the sons stated to police officers.

Clark was awakened by the noise. By the time he got into the living room, the sons had the child "each by one arm and they brought him in and laid him down on the floor . . . ." Clark asked what was going on. After the child's hearsay objection was overruled, Clark testified: "they said they caught him trying to rip off the CB out of the pickup." This is the item (a) testimony.

Clark described the child as argumentative, swearing and generally hard to get along with. Asked if the child said anything, Clark testified:

"[H]e mentioned that he was out on probation and that they did catch him, you know, that they caught him running down the street and he was out on probation and one thing and another and I don't know just exactly what, other than it was just that he did more or less admit that he was in the truck."

This is the item (b) testimony.

The child claims the item (a) testimony was inadmissible because there was no evidence showing the sons were unavailable as witnesses under Evidence Rule 804(a)(5). The State does not claim the evidence was admissible as an exception to the hearsay rule. Accordingly, we do not consider Evidence Rule 804(a)(5).

■ The State asserts the item (a) testimony was not hearsay and was admissible as an admission of a party-opponent. We agree. Evidence Rule 801(d)(2)(B) provides that a statement is not hearsay if the statement is offered against a party and is:

"(B) a statement of which he has manifested his adoption or belief in its truth * * *."

This case does not involve an admission by silence; the item (b) testimony shows the child did not keep silent, he responded to the statement by the sons. We refer to admission by silence only to demonstrate the meaning of Evidence Rule 801(d)(2)(B).

*United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) states:

> "Silence gains more probative weight where it persists in the face of accusation, since it is assumed in such circumstances that the accused would be more likely than not to dispute an untrue' accusation. *Failure to contest an assertion*, however, is considered *evidence of acquiescence* only if it would have been natural under the circumstances to object to the assertion in question." [Our emphasis.]

■ The evidence rule is not phrased in terms of failure to contest an assertion that can be considered evidence of acquiescence; rather, there is an admission when the party-opponent manifests his adoption of the statement or manifests his belief in the truth of the statement.

The word "manifest" in Webster's Third New International Dictionary (1966) is defined to include:

> "capable of being easily understood or recognized at once by the mind: not obscure: OBVIOUS".

In light of this definition, the requirements of the evidence rule have not been met if the party does no more than fail to contest an assertion. Compare 4 Weinstein's Evidence, ¶ 801(d)(2)(B)[01] (1976). The evidence rule requires more; something not obscure, but obvious.

Here the manifestation requirement was met by the item (b) testimony—the child stated the sons did catch him, they caught him running; he more or less admitted that he was in the truck. These statements of the child were such that the Children's Court judge could properly hold (see *State v. Hatley*, 72 N.M. 280, 383 P.2d 247 (1963)) that the child manifested his belief in the truth of the statements made by the sons. The item (a) testimony was not hearsay and was properly admitted.

■ We do not quote the item (c) testimony; the statements the sons made to the police were consistent with the item (a) testimony but in greater detail. Its admissibility would also depend on whether the manifestation requirement was met. Be-

cause of a statute, the statements of the child, which show the child believed in the truth of the statements the sons made to the police, were not admissible.

Section 13–14–25(B), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) provides that in a proceeding alleging delinquency (as in this case):

> "unless made while the child was advised by counsel, statements by a child in connection with the subject matter of the petition * * * when made at any time after * * * the child was taken into custody * * * shall not be used against the child prior to the court's determination of the petition's allegations * * *."

The child's statements, which would meet the manifestation requirement, were made to the police after the police took him into custody and at a time when he was not advised by counsel. Under § 13–14–25(B), supra, the statements were inadmissible. Without these statements, the manifestation requirement was not met and the item (c) testimony was not properly admitted.

Because § 13–14–25(B), supra, disposes of the admissibility of the item (c) testimony, we do not reach the constitutional question concerning its admissibility. See *United States v. Hale*, supra; *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

*Sufficiency of the Findings*

The Children's Court concluded that the child was a delinquent child. The contention is that the findings made by the court are insufficient to support the conclusion. See § 13–14–28(D & E), N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

The challenged findings read:

> "3. At the adjudicatory hearing testimony was admitted concerning actions and statements made at the time of the Child's arrest.
>
> "4. The Court found that the actions and statements referred to in Finding No. 3 above could be construed as silence by the child in the face of accusations, when denial would be presumed, and as such are evidence of his guilt beyond a

reasonable doubt of the charge alleged in the Delinquency Petition."

Finding No. 3 is erroneous; it is based on statements of the child made at the time the child was taken into custody by the police officers. This is the item (c) testimony which was improperly admitted.

Finding No. 4 is erroneous because it is based on silence in the face of accusations; the child was not silent; he argued, cursed and made statements.

Erroneous findings Nos. 3 and 4 do not, however, dispose of this issue. Additional reasons for the conclusion of delinquency appear in the appellate record.

Section 13–14–36(B), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) authorizes this Court to stay the judgment appealed from. The procedural rule concerning such a stay is Children's Court Rule 19. This rule provides for responses to the application for a stay. An authorized response under Children's Court Rule 19(c)(3) is:

"A certified statement of the children's court judge containing the rational for the judgment * * *."

There was an application for stay in this case. There is a certified statement by the Children's Court judge. Pertinent portions read:

"The reasoning of the Court in the finding of delinquency in this matter involved four factors.

"(1) The evidence of flight or attempted flight from the scene of the offense by the Respondent-Appellant, which evidence was strongly suggestive of his knowledge of the offense and indeed of his guilt.

"(2) The evidence of actions and statements which constituted, in effect, a complete admission of guilt by the Respondent-Appellant, in particular his expression of concern that his probation was likely to be revoked, all of which occurred prior to his being taken into custody by the police and prior to any criminal charges being initiated against him; under these circumstances the Court found the admission of these statements is not

barred by the wording of Sections 13–14–25(B) and (E), nor by the Fifth Amendment to the United States Constitution and the corresponding provision of the New Mexico Constitution.

"(3) The evidence concerning the noises, behavior and general situation observed by witness Wayne Clark which was suggestive, even though circumstantially, of the occurrence of the offense and the Respondent-Appellant's involvement in it."

The fourth factor mentioned in the response went to silence in the face of accusations.

■ This reasoning of the Children's Court judge supports the conclusion of delinquency. Although not labeled as such, they are, in effect, additional findings authorized by the Children's Court rules.

The result is that there are findings that support the judgment and findings that do not support the judgment. The erroneous findings do not require a reversal; they were unnecessary for a decision in this case. See *H. T. Coker Const. Co. v. Whitfield Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

*Confrontation*

■ The child claims he was denied his constitutional right to confront his accusers, in violation of N.M.Const., Art. II, § 14, because the State failed to call the sons as witnesses. This contention was not raised in the Children's Court; the objection to the item (a) testimony was that it was hearsay. Compare *State v. Lunn*, 82 N.M. 526, 484 P.2d 368 (Ct.App.1971). Inasmuch as the evidentiary issue involves the child's adoptive admission, we do not consider the contention goes to a fundamental right that can be raised for the first time on appeal. Accordingly, this contention will not be reviewed. N.M.Crim.App. 308.

*Sufficiency of the Evidence*

■ The child claims the evidence is insufficient to support the finding that he was in need of care and supervision. What the child is really arguing is that the Chil-

dren's Court should have followed recommendations to not commit the child to the Boy's School. The Children's Court was not required to follow these recommendations. *Matter of Doe*, 88 N.M. 505, 542 P.2d 1195 (Ct.App.1975).

There is evidence that the child committed burglary and was on probation at the time. The transcript shows that the child was of normal intelligence but had a poor record of school attendance. The Children's Court decided to "give him one more chance to learn" and viewed the Boy's School as the place for the child in light of "truancy and runaway type things." The record supports the finding of the trial court.

The judgment and commitment are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.