646 P.2d 1250

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Gilbert GARCIA, Defendant-Appellant.**

**No. 5494.**

Court of Appeals of New Mexico.

May 6, 1982.

Certiorari Denied June 17, 1982.

Paula G. Burnett, Kennedy & Steinmetz, Grants, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Defendant was convicted of attempted residential burglary, contrary to §§ 30–16–3(A) and 30–28–1(C), N.M.S.A.1978. His appeal, concerning grand jury procedures, challenges: (1) whether defendant was adequately notified of his target status and (2) whether the prosecutor failed to comply with the statutory requirement to present to the grand jury evidence that directly negated defendant's guilt. The trial court denied motions to dismiss the indictment based on these issues. We affirm.

1. *Notice of Target Status*

Section 31–6–11(B), N.M.S.A.1978 (1980 Supp.), which applied to this 1980 indict-

ment, requires that the target be notified of his target status to afford him the opportunity to testify. *Rogers v. State*, 94 N.M. 218, 608 P.2d 530 (Ct.App.1980), held that the target must have been given notice thirty-six hours in advance of the grand jury hearing, unless the prosecutor shows that he was unable, with reasonable diligence, to give such notice. (Although it is argued by defendant, his need to show actual and substantial prejudice before the State was required to prove reasonable diligence was not a part of § 31–6–11(B), *supra*, at the time of this indictment and before its amendment by Laws 1981, ch. 238, § 1.)

Defendant raised the issue of compliance with the statute by a motion to dismiss the indictment. He presented the testimony of his brother-in-law, with whom he lived, off and on, during the year preceding his indictment. The brother-in-law testified that his mail was delivered to his street address (the same street address given by defendant at the time he was booked); that defendant also received his mail there and that, to the witness's knowledge, defendant never received a target letter or any other letter from the district attorney. Three other persons also lived at the witness's address, and occasionally one of them would remove the mail from the mailbox. Defendant, himself, did not testify that he had not received the notice, nor did any of the other residents at that address.

To rebut defendant's evidence, the State offered copies of two letters, dated August 6 and August 16, respectively. They were addressed to defendant and notified him of grand jury proceedings scheduled for August 18. The defense stipulated that the letters were mailed in the usual course of business on the respective dates as certified by the prosecutor. The court invited a stipulation that the letters were not returned to the prosecutor. The prosecutor said that was his representation; defense counsel said nothing. During his later argument, the prosecutor referred to the stipulation

between parties that the letters had been properly mailed and not returned as "not having been received." Again, the defense was silent, offering no objection to those representations.

The district court denied the motion to dismiss. We assume the court found, as a factual matter, that defendant either had actual notice, or that the prosecutor had shown that he could not, with due diligence, notify defendant. Our review centers on whether there is substantial evidence to support either determination. *See State v. Beachum*, 83 N.M. 526, 494 P.2d 188 (Ct. App.1972) (trial court will be upheld if right for any reason); *State v. Deats*, 82 N.M. 711, 487 P.2d 139 (Ct.App.1971) (there is a presumption of regularity in the proceedings below); *Alexander Film Co. v. Pierce*, 46 N.M. 110, 121 P.2d 940 (1942) (where trial court does not state a reason, if ruling is correct on any theory, it will be upheld).

Substantial evidence means such relevant evidence as is adequate, when reviewed in its most favorable light, to support the result below, resolving conflicting inferences and matters of credibility in favor of the trial court's conclusion. *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967).

Regarding the purported stipulation that the letters were not returned to the prosecutor, *Garcia v. Co-Con, Inc.*, 96 N.M. 306, 629 P.2d 1235 (Ct.App.1980), and in the opinion after remand, 96 N.M. 308, 629 P.2d 1237 (Ct.App.1981), considered silence of plaintiff's counsel when opposing counsel stated for the record that a deposition was "being taken according to the usual stipulations and the doctor waives signature." The court said: "Silence amounts to assent when one lawyer says 'it is stipulated and agreed' and the opposing lawyer remains silent."

In the instant case, the court inquired whether a stipulation existed; the prosecutor represented that his stated facts were stipulated and defense counsel remained silent. This was not the kind of stipulation

described in *Garcia, supra.* However, it appeared that the prosecutor believed it was and from the silence of the defense, it was not unreasonable for him to have so believed. Indeed, the prosecutor again correctly stated to the court that the parties had stipulated that the letters had been mailed, and he continued: "It has also been stipulated that we did not receive a return of either one of these mails as their not having been received."

■ We do not believe there is any magic in the additional words "and agreed," especially in view of defendant's silence when the prosecutor twice advised the trial court in the presence of defendant and his counsel that the parties had stipulated that the letters had not been returned as undelivered. We would exalt form over substance if defendant were allowed to lead the prosecutor into believing that the State need not prove a fact and then complain that proof was lacking. *Savings Bank v. Woodruff*, 14 N.M. 502, 94 P. 957 (1908). *Compare State v. Hatley*, 72 N.M. 280, 383 P.2d 247 (1963); *State v. Doe*, 91 N.M. 92, 570 P.2d 923 (Ct.App.1977). The defendant may not take advantage of a situation he helped create. *State v. Garcia*, 80 N.M. 466, 457 P.2d 985 (1969).

■ If the trial court was not satisfied that defendant had received actual notice, the evidence would support a finding of the State's inability to notify in the exercise of reasonable diligence. It was not disputed that the district attorney mailed a target letter twelve days before the scheduled proceeding to the address given by the defendant at the time of his booking. Defendant's witness established the correctness of that mailing address. The letter was not returned, and the district attorney had no reason to believe that it was not delivered to defendant. A second letter was sent two days before the grand jury proceeding.

Upon the evidence presented, the trial court did not err in finding notice in compliance with § 31-6-11(B), *supra.*

2. *Evidence Directly Negating Guilt*

Most recently, in *Buzbee v. Donnelly*, 96 N.M. 692, 634 P.2d 1244 (1981), the Supreme Court held that § 31-6-11(B), *supra*, is violated only if the prosecutor should withhold from the grand jury direct, not circumstantial, evidence that directly negates the guilt of the defendant.

Defendant's motions to dismiss were heard on counsels' summaries of the grand jury testimony. The parties do not challenge the correctness of those summaries. A neighbor of the victim testified at the grand jury hearing that she watched a man attempt to break into the victim's house, and called police. She saw the same man walk down the street; she saw the police arrest him. There is no contention made that the man she saw arrested was not the same man she saw trying to break in. The witness described the man to the grand jury as wearing a white T-shirt and a hat. The booking slip, asserted to be the withheld exculpatory evidence, indicated that when defendant was arrested, his listed clothing items included a gray sweater, but no hat or white T-shirt.

■ The booking slip was not *direct* evidence *directly* negating guilt. *Buzbee, supra.* Evidence that the clothing items described by the witness and the booking officer differed is *circumstantial* evidence from which a trial jury would be authorized to infer that the police did not pick up the man the witness observed, or that the witness was in error in her description. It would be, at most, impeaching trial evidence; it was not direct evidence required to be presented to a grand jury.

The trial court did not err in failing to dismiss the indictment on this ground.

The judgment and sentence are affirmed. IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.