## BLOOM ET AL. *v.* GRAFF ET AL.

[No. 48, October Term, 1948.]

*Decided January 12, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Frederick Taylor* and *Allers & Cochran* for the appellants.

*Foster H. Fanseen,* with whom were *William L. K. Barrett* and *Milton I. Vogelhut* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

Nathan Bloom and Anna Bloom, trading as Madison Liquors, appellants, sued Theodore E. Graff, George M. Brune, Clyde Mills and Carlisle Mills, appellees, for damages in the Superior Court of Baltimore City.

The appellants on October 26, 1946, operated at 1501 East Madison Street, Baltimore, a package goods liquor

store.  On that date a taxicab, owned by appellee Theodore E. Graff and operated by appellee George M. Brune, was proceeding easterly on Madison Street in Baltimore. It collided with an automobile, owned by appellee Carlisle Mills and operated by appellee Clyde Mills, proceeding in a southerly direction on Caroline Street.  As a result of this collision the taxicab crashed into the appellants' store causing damage to the merchandise therein.  Hence this suit.

The case was tried before a jury which rendered a verdict in favor of the appellants against the appellees, Clyde and Carlisle Mills only, in the amount of $250.00; and in favor of the appellees, Theodore E. Graff and George M. Brune, for costs of suit.  From the judgment entered on that verdict the appellants appeal here.

In the instruction the trial judge told the jury, among other things: "First, you can bring in a verdict in favor of both defendants, if you find primary negligence wasn't proven."  The appellants assign as error and except to that part of the instruction because they claim there was no indication in the case from any testimony that this was an unavoidable accident, but that the accident was one which must have been the fault of one defendant or the other or both of them.  As the jury did not bring in a verdict for both defendants, but did bring in a verdict in favor of the appellants against the appellees, Clyde and Carlisle Mills, if there was error in this instruction, the appellants were not harmed thereby and it is therefore unnecessary that we pass upon that exception to the instruction.  The judgment in favor of the appellees, Theodore E. Graff and George M. Brune, for costs of suit, will therefore be affirmed.

The only other error alleged in the trial of this case is another part of the instruction given the jury by the trial judge.  During the trial of the case against all appellees, the attorney for the appellants, plaintiffs, stated in open court: "Your Honor please, before putting my first witness on, I would like to state it is stipulated and agreed between counsel for the parties to this case that

if a verdict is found in favor of the plaintiff it should be in the amount of $896.09." The attorney for appellees Graff and Brune then asked, "What's the nine cents for?" to which inquiry the attorney for the plaintiff answered, "That was a small bottle". No comment was made by the attorney for the appellees, Clyde and Carlisle Mills. The case proceeded and witnesses were called and examined. At the conclusion of the case and in the instruction to the jury the trial judge made the following statement; "They have agreed that if a witness were produced to testify as to the plaintiffs' damages that witness would testify that the damage suffered was $896.09. $896.09. You don't have to believe that. If you want to find for the plaintiffs you don't have to bring in a verdict of $896.09. The plaintiffs say that's the amount, and the defendants admit that if the witness were produced that's what he would say, and that it was a reasonable amount covering the damages resulting from this crash." The specific exception by the attorney for the appellants was: "Well, then I note an exception to the Court's charge, (1) to that portion of the Court's charge which says that the verdict can be anything other than $896.09."

Often at the trial of cases certain stipulations are made by counsel in order to save the time of the court, the expense and difficulty of producing witnesses, and for other good reasons. Where such a stipulation is agreed to by counsel the orderly trial of the case demands that the parties be bound thereby. If the attorney for appellees Clyde and Carlisle Mills did not agree to that stipulation made in open court before the trial judge, he should have objected and so advised the court. Silence under such circumstances amounts to consent.

In the case of *Birney v. New York & W. Printing Telegraph Co.*, 18 Md. 341, 81 Am. Dec. 607, an action was instituted to recover damages for the total neglect of the telegraph company to transmit a message. At the trial of the case an admitted statement of facts and evidence was submitted to the jury. In that case, 18 Md. at pages

355 and 356, this Court quoted from the case of *Inloes v. American Exchange Bank,* 11 Md. 173, at page 185, 69 Am. Dec. 190, the following: " 'It is well settled, that even where the proof is all on one side, the finding of the facts must be left to the jury; *but this is not necessary when the case is tried upon admissions at the bar.* The jury may discredit the testimony, but cannot find contrary to the agreement of the parties.' " *Swatara R. R. Co. v. Brune,* 6 Gill 41; *Vansant v. Roberts,* 3 Md. 119; *Armstrong v. Risteau's Lessee,* 5 Md. 256, 276, 59 Am. Dec. 115; *Waters Lessee v. Riggin,* 19 Md. 536, 552.

As the liability of the appellees Mills has been determined by the verdict of the jury and the amount of damages by the stipulation, there is no issue requiring a new trial. Judgment will therefore be entered in this Court for appellants against appellees Mills for $896.09. Code, Article 5, section 17; *Hercules Powder Co. v. Harry T. Campbell Sons Co.,* 156 Md. 346, 367 and 368, 144 A. 510, 62 A. L. R. 1497.

> *Judgment in favor of appellee Theodore E. Graff and George M. Brune for costs, affirmed.*
>
> *Judgment against appellees Clyde Mills and Carlisle Mills in the amount of $250 with interest from March 18, 1948, and costs of suit, reversed.*
>
> *Judgment entered here in favor of appellants against appellees Clyde Mills and Carlisle Mills in the amount of $896.09, with costs.*