## LICHTENBERG, ET AL. *v.* ANNE ARUNDEL COUNTY, MARYLAND

[No. 356, September Term, 1969.]

*Decided May 12, 1970.*

---

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Preston A. Pairo,* with whom were *Pairo & Pairo* on the brief, for Jerome M. Lichtenberg et ux., part of appellants and by *Ascanio S. Boccuti,* with whom were *B. Conway Taylor, Jr.,* and *Due, Whiteford, Taylor & Preston* on the brief, for Security Insurance Company of Hartford and Fidelity & Deposit Company of Maryland, other appellants.

*John M. Court, Assistant County Solicitor,* with whom was *Phillip F. Scheibe, County Solicitor,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This is an appeal from judgments of $14,500 and $5,-400 recovered by Anne Arundel County (the County) in suits against Mr. and Mrs. Jerome M. Lichtenberg (the Lichtenbergs) and Security Insurance Company of Hart-

ford, as successor by merger to New Amsterdam Casualty Company, in the first case, and against the Lichtenbergs and Fidelity and Deposit Company of Maryland, in the second.

In July, 1965, the Lichtenbergs, who are experienced real estate developers, sought the County's approval of a plan to subdivide a part of Michaelton Manor, a development owned by them. Anne Arundel County Code (1957) § 32-9 requires approval of the preliminary subdivision plat, and § 32-13 gives the subdivider several choices as to the manner in which the cost of road construction and of the installation of other facilities will be secured as a condition precedent to obtaining final approval of the plat. The Lichtenbergs chose the alternative offered by § 32-13 2(c):

> "(c) A written agreement may be made and recorded in the land records of the county, between the board of county commissioners and the developer to complete necessary improvements in the subdivision within a certain time, but prohibiting the issuance of deeds or the conveyance of property or contracts of sale for any lot in the subdivision or issuance of building permits until the work is satisfactorily completed or guaranteed by a contract between the board of county commissioners and the developer; such contract to be recorded in the land records of the county, and to be guaranteed by a surety performance bond of a surety company, or a personal bond secured by a certified check;
> * * *"

On 21 July 1965 the Lichtenbergs entered into an agreement with the County in which they obligated themselves to construct certain roads in Michaelton Manor on or before 1 September 1967 in accordance with specifications filed with the agreement. To the agreement was attached a performance bond for $14,500, signed by the Lichtenbergs as principals, with New Amsterdam Casualty Com-

pany (now Security Insurance Company of Hartford) as surety.

The agreement with the County contained provisions pertinent to the issue before us:

> "Whereas, the parties of the first part have agreed to construct and complete the building of said roads in accordance with the specifications attached hereto on or before September 1, 1967, and for the purpose of guaranteeing the completion of the construction of said roads in accordance with this agreement and the plat * * * filed herewith and made a part hereof, the parties of the first part have executed a bond with approved surety in the amount of $14,500.00, which said amount is intended to be taken as liquidated damages and have delivered said bond to the party of the second part, and upon delivery of said bond and its approval and the completion of work, as aforesaid, the party of the second part agrees to take over and maintain said roads upon completion of work, as aforesaid."

> * * *

> "It Is Understood And Agreed by the parties hereto that if the parties of the first part fail to construct the roads by the time specified in accordance with the plans and specifications and to convey the roadbeds and drainage easements as herein provided or shall otherwise fail to perform this agreement as herein set forth, *the party of the second part shall have the right to refuse to take over and/or maintain said roads until completed or, at its option may enter into and upon said roads and to construct said roads* and the parties of the first part, as well as the bond given to secure the due compliance of this agreement shall nevertheless remain liable to Anne Arundel County, Maryland, to the full

amount thereof, which sum shall be construed to be liquidated damages, and further to enable the party of the second part to carry out the above provision should it so elect, the parties of the first part have delivered to the party of the second part a fee simple deed with Special Warranty for said roads, streets, easements, structures and facilities which said properties the parties of the first part hereby warrant to be free of any liens or encumbrances and which said deed the said party of the second part may accept at any time it may deem desirable, and the parties of the first part do further warrant that they have not or will not encumber said roads, streets, easements, structures, and facilities." (Emphasis supplied).

\* \* \*

"Nothing herein shall be construed to waive the right of the County to maintain a suit against the Principals and/or Surety for liquidated damages specified."

These provisions were referred to in the bond:

"Whereas, The above bounden Principal has undertaken to construct a certain roadway (or roadways) and other facilities in Anne Arundel County, Maryland, according to a certain agreement, plans and specifications with the County, dated. . . [no date was inserted], copies of which are attached hereto and made a part hereof, and

"Whereas: It is one of the conditions of said agreement with Anne Arundel County, that the Principal Jerome M. Lichtenberg and Evelyn E. Lichtenberg, his wife, shall cause a bond for liquidated damages to be given to carry out and faithfully perform the conditions therein.

"Now, Therefore, the Condition of this Obligation is such, That if the said Principal shall

"carry out the terms and conditions of said agreement, in every respect then this obligation to be void; otherwise to remain in full force and effect."

For some time, nothing much appears to have been done on the roads. For an unaccountable reason on 31 July 1967, two years after the first agreement had been signed, the County entered into a second agreement with the Lichtenbergs, covering additional road construction. The format of the second transaction was identical with that of the first, even including the 1 September 1967 completion date, although strangely enough, the agreement was not accepted by the County until 25 September 1967. This time, however, the penal sum of the bond was $5,400 and the corporate surety was Fidelity and Deposit Company of Maryland.

September, 1967, came and went. At the trial below, Lichtenberg testified that some paving had been done, apparently under the first agreement, in December of 1966. The chief of the County's inspection division testified that the work was partially completed by January, 1968. On 20 June 1968, the County's Department of Public Works commenced to press for completion, and on 1 October of that year the County notified the Lichtenbergs and their sureties that there had been a default under both agreements and demanded payment of the amounts specified in the bonds.

Three weeks later, the County sued the Lichtenbergs and both sureties and moved for summary judgments. The sureties and the Lichtenbergs filed general issue pleas and affidavits in opposition to the summary judgments. The sureties then cross-claimed against the Lichtenbergs.

The cases finally came on for trial in July of 1969 and resulted in the entry of the judgments for the County against the sureties and judgments in the same amount in the sureties' favor against the Lichtenbergs.

The question presented is a narrow one. In their brief,

the Lichtenbergs contend that it was error to permit the County to recover the amounts stipulated in the bonds when no damage was proved, since to permit a recovery of liquidated damages when the amount of damages is ascertainable is tantamount to allowing the recovery of a penalty; and that the County, to recover, must show that it asserted the remedies reserved to it under the agreements. The County countered with the contention that these were statutory bonds and that recovery of the amounts of the bonds could be had without proof of actual damages.

At argument before us, the Lichtenbergs raised another point: that subsequent to trial below, the work had been entirely completed, and the roads accepted by the County. Although counsel for the County conceded that the roads had been accepted, there is nothing in the record before us to show that they were or to suggest the circumstances under which any acceptance took place.

Because this may strike at the heart of the County's right to recover, we need not consider the County's motion to "strike" the appeal, grounded on the theory that the Lichtenbergs and the sureties are relying on a defense not available to them at the time they filed their general issue pleas — that the roads had been substantially completed by the time the trial began.

We shall remand the case to the trial court, without affirmance or reversal, for further proceedings, during the course of which the Lichtenbergs and their sureties will be accorded an opportunity to establish by competent testimony the manner in which the roads were conveyed to and accepted by the County. It will then be possible for the court to determine what effect, if any, such an acceptance may have had on the County's right to recover on the bonds. See *Sioux City v. Western Asphalt Paving Corp.*, 223 Iowa 279, 271 N. W. 624, 109 A.L.R. 608 (1937) and cases collected in Annotation, 109 A.L.R. at 625; 10 Appleman, *Insurance Law and Practice*, § 5837 (1943) at 60; Rule 835 b (8); and compare, *Eastern*

*Heavy Constructors, Inc. v. Fox,* 231 Md. 15, 20, 188 A. 2d 286 (1963).

> *Case remanded, without affirmance or reversal, for further proceedings conformable with this opinion, costs to abide the result.*