THE KASTEN CONSTRUCTION COMPANY, INC. ET AL. *v.* ANNE ARUNDEL COUNTY, MARYLAND

[No. 455, September Term, 1970.]

*Decided June 4, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*William E. Dixon* for appellants.

*John M. Court, Assistant County Solicitor*, with whom was *Paul F. Borden, County Solicitor*, on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

The Kasten Construction Company, Inc., appellant (Kasten), on August 4, 1967, entered into a public works agreement with Anne Arundel County, appellee (County), for the construction of certain roads and storm drainage in a real estate development situated in the County designated as Crain West. At the same time, for the purpose of guaranteeing completion of the work, Kasten executed a surety bond in favor of the County in the amount of $33,700.00.[1]

---

1. The public works agreement in which Kasten appears as party of the first part and the County as party of the third part, provided in pertinent part as follows:

"* * * * if the party of the first part fails to construct the roads by the time specified in accordance with the plans and specifications and to convey the roadbeds and drainage easements as herein provided or shall otherwise fail to perform this Agreement as herein set forth, the party of the third part shall have the right to refuse to take over and/or maintain said roads until completed, or

In March of 1968, Kasten sold the lots in the development of Crain West to Russwood, Inc. When the improvements (streets and storm drainage facilities) were not completed, as required by the agreement, within the time specified in the plans and specifications, the legal department of the County made demand for payment of the full amount of the bond from the bonding company.

A request was made for an extension of the completion time; this was denied by the legal department of the County. A further request was made for a meeting of all parties in order to attempt to solve the difficulties. Instead of holding such a meeting the legal department of the County brought this action.

Kasten appealed to the Board of Appeals of Anne Arundel County in an effort to present its position concerning the justification of its request for an extension of the completion date. At the same time, Kasten requested the circuit court not to take jurisdiction over the matter until it had an opportunity to exhaust its administrative appeals. At that time, the case of *Whitehurst Building Company v. Anne Arundel County* was pending before the Circuit Court for Anne Arundel County. The *Whitehurst* case involved the same question —"whether the action of the County in refusing to grant

---

at its option may enter into and upon said roads and construct said roads and the party of the first part, as well as the bond given to secure the due compliance of this Agreement, shall nevertheless remain liable to Anne Arundel County, Maryland, to the full amount thereof; which sum shall be construed to be liquidated damages. And further to enable the party of the third part to carry out the above provisions, should it so elect, the party of the first part has delivered to the party of the third part, a fee simple deed with Special Warranty for said roads, streets, easements, structures, and facilities; which said properties, the party of the first part hereby warrants to be free of any liens or encumbrances and which said deed the party of the third part may accept at any time it may deem desirable, and the party of the first part does further warrant that it has not nor will not encumber said roads, streets, easements, structures and facilities."

The language in the bond itself also refers to "one of the conditions," as one for "liquidated damages to be given to carry out and faithfully perform the conditions therein."

an extension was such a decision that should have been appealable to the Board of Appeals of Anne Arundel County." (Anne Arundel County Code Appendix A, Art. VI, § 602D; Maryland Code (1966 Repl. Vol.) Art. 25A, § 5(U)). The parties to the instant suit stipulated that the decision in the *Whitehurst* case would be binding in this case. Evans, J., eventually ruled in the *Whitehurst* case that the review of such a decision was not within the purview of the Board of Appeals of Anne Arundel County.

Upon the County's motion for summary judgment, Childs, J., granted summary judgment on June 12, 1970, as to liability, but left for later determination the issue of damages.

On August 3, 1970, Sachse, J., heard arguments on the question of damages and the following day signed an order awarding the County judgment in the amount of $33,700.00 (the face amount of the surety bond) plus interest at 6% from February 3, 1970, the date that demand had been made for payment of the bond, without any requirement that the improvements had to be completed by Anne Arundel County.

On appeal Kasten raises the following issues:

    I. Was the County's decision to bring legal action appealable to the Board of Appeals of Anne Arundel County?

    II. (A) Must the County complete the improvements as a condition precedent to demanding payment on the bond?

        (B) Can the County enforce the bond without a corresponding obligation to complete the improvements?

    III. Can interest accrue prior to the award of judgment below?

We shall discuss the issues in the order presented.

I

The question of whether or not, from a procedural

standpoint, Kasten was entitled to a prior review of its request for an extension of the completion date by the Board of Appeals of Anne Arundel County, is moot. It is quite clear from the record that Kasten stipulated with the County that it would be bound by the decision of the Circuit Court for Anne Arundel County in the case of *Anne Arundel County v. Whitehurst Construction Company*. The County filed its declaration against Kasten and its surety, Maryland Casualty Company, on March 6, 1970. Thereafter Maryland Casualty Company responded on April 20, 1970, with a "motion for preliminary hearing," asking the court to deny jurisdiction in favor of a resolution of the controversy by the Board of Appeals of Anne Arundel County. On April 23, 1970, the County responded to the motion for preliminary hearing with a motion *ne recipiatur* or to strike, and at the same time filed a motion to stay collateral proceedings in the Board of Appeals.

On May 15, 1970, a hearing was conducted in the circuit court on these pending motions and the court accepted testimony, taken in the form of oral stipulation of counsel, that the parties would abide by the ruling of Judge Evans in the *Whitehurst* case. It was on the basis of this stipulation that subsequently Judge Childs, in the circuit court, entered an order granting the motion of the County to stay collateral proceedings in the Board of Appeals and directing Kasten to file its answer to the County's declaration, on or before June 1, 1970. Kasten, while still seeking to keep this issue viable, blandly states in its brief that, "The parties to the instant suit stipulated that the decision in the Whitehurst case would be binding in this case. Judge Evans ruled in the Whitehurst case that such decision was not within the purview of the Board of Appeals of Anne Arundel County." Kasten does not now contend that the circuit court was without jurisdiction to hear the suit below and it is our opinion that the stipulation was binding on the parties and renders moot the appealability to the Board of Appeals of

the County's refusal to extend the time of completion. *Bloom v. Graff,* 191 Md. 733, 736, 63 A. 2d 313 (1949).

## II (A)

The lower court found Kasten and its surety to be liable for the full amount of the bond ($33,700) as liquidated damages, and ruled that, whether or not the County performed the incompleted work prior to bringing suit or recognized an obligation to complete the work in the event it received payment on the bond, was irrelevant. We agree with this conclusion.

Kasten's theory of the case is that the County had the option to "sit back and refuse to take over the roads until complete—or take over the roads, complete the work, and proceed under the bond." It contends that in the latter event the completion of the work by the County is a condition precedent to suit on the bond. This argument is bottomed on the proposition that the County must show damages before it may collect on the bond and that until the work has been performed at the County's expense, it was not damaged, nor could the amount of damages be ascertained. This contention is answered by *Montgomery County v. Phoenix Insurance Co.,* 232 Md. 58, 192 A. 2d 111 (1963), wherein Hammond, J. (now Chief Judge), writing for the Court stated:

> "Phoenix defends on the grounds that the County was not damaged and therefore is not entitled to recover. The contention is beside the point. It is well settled that if a bond is given to a public body as a prerequisite to the grant of a license or other privilege, or conditioned upon compliance with the requirements of law, the full penalty of the bond may be recovered for a breach of the bond, without proof of actual damage, in the absence of express or implied provisions to the contrary in the statute or ordinance which prescribes the bond, or in the

bond itself. [Citing numerous cases]." 232 Md. 61.

Cf. *Lichtenberg v. Anne Arundel County*, 258 Md. 204, 210, 265 A. 2d 222 (1970).

In *Phoenix* we also said, citing *County Council v. Lee*, 219 Md. 209, 148 A. 2d 568 (1959), "* * * that Montgomery County has full and complete jurisdiction and control over its roads and streets, that the County's right to grant or withhold its permission for the construction of a road by a citizen carried with it the right to prescribe reasonable terms and conditions upon which the permit to build the road would issue * * *." 232 Md. 61-62. The surety bond in that case, just as in the case at bar, was one of the conditions upon which the privilege to develop the subdivision was predicated.

## II (B)

We think the reasons set forth above and the authority cited answer both the issues raised by Kasten, which have been designated in this opinion as II (A) and (B). However, in discussing the latter of the two issues, we would further elaborate on the reasons why the County is not legally obligated to complete the improvements upon forfeit of the surety bond.

The agreement between Kasten and the County is dated August 4, 1967. At that time the face amount of the surety bond ($33,700) was the estimated cost of the improvements. At least at the time of argument before this Court little work had been undertaken on the project. It may now well be that, with almost four years intervening, the cost of completion of the improvements in view of the escalation of construction costs would be substantially higher than the $33,700.00 estimated in the summer of 1967. Were this Court to adopt a legal principle which would obligate the County to complete the work on receipt of the money from the bond, we may well be establishing a precedent whereby unscrupulous devel-

opers would be encouraged to give up the ghost on any improvement contract with the County which appeared to be running over the estimated cost, forfeit the bond, and press for completion by the County.

We think that where the parties to a contract intend that the surety bond call for the payment of liquidated damages, such as in the instant case, that the party who breaches the contract has no control over the manner in which the other party disposes of the proceeds of the forfeit. We think that such a conclusion was implicit in the reasoning of this Court many years ago in the case of *Willson v. Mayor & City Council of Baltimore*, 83 Md. 203, 34 A. 774 (1896), wherein Chief Judge McSherry, writing for the Court, stated:

> "On the part of the appellant it is insisted that the five hundred dollar deposit was designed to be and in reality was a penalty; whilst on the part of the city it was claimed that the sum named was intended to be and in fact was liquidated or stipulated damages which, for any breach of the appellant's bid or proposal, was to be retained by the city without reference to whether the city had actually sustained any injury or not. * * * If the sum designated is held to be liquidated damages the only evidence necessary to warrant a recovery of that particular amount is that the contract to which it relates has been broken." 83 Md. 210.

## III

Kasten challenged the ruling of the lower court allowing interest from the date of the demand on the bond contending that pursuant to Maryland Rule 642 interest may be had only from the date on which the verdict was rendered. Kasten quotes Rule 642 out of context and we think a reading of *St. Paul at Chase Corp. v. Weaver Bros., Inc.*, 262 Md. 192, 278 A. 2d 12 (1971); *Atlan-*

_tic States Construction Co. v. Drummond_, 251 Md. 77, 85, 246 A. 2d 251 (1968) ; _Phoenix, supra,_ at 63; _Mullan Co. v. International Corp._, 220 Md. 248, 261, 262, 151 A. 2d 906 (1959), and _Affiliated Distillers v. R.W.L. Co._, 213 Md. 509, 516, 132 A. 2d 582 (1957), clearly illustrates that the Court may properly enter judgment for the face amount of the bond plus interest from the date of the demand for payment. In _Mullan Co._, we said:

"* * * Ordinarily, the allowance of interest is a matter which rests in the discretion of the trier of the fact. * * * But there are cases in which interest is recoverable as of right and this is such a case. * * * In this case liability for the payment of interest attached on November 20, 1956, when I.B.M. made demand on Mullan and the sureties for payment of the balance due on its claim against the sub-contractor. * * *" 220 Md. 262.

_Judgment affirmed, appellants to pay costs._