629 P.2d 1235

**Jose GARCIA, Plaintiff-Appellant,**

v.

**CO–CON, INC., and Mountain States Mutual, Defendants-Appellees.**

**No. 4548.**

Court of Appeals of New Mexico.

Dec. 4, 1980.

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

William W. Bivins, Bivins, Weinbrenner, Regan, Richards & Paulowsky, P. A., Las Cruces, for defendants-appellees.

OPINION

SUTIN, Judge.

Plaintiff appeals from a judgment in a workmen's compensation case that plaintiff take nothing by his complaint and that it be dismissed with prejudice. We remand.

The trial court found:

Plaintiff sustained an accidental injury while in the scope and course of his employment on August 16, 1977, and, as a result, plaintiff sustained bilateral inguinal herniae which resulted in temporary total disability. It was surgically repaired and plaintiff completely recovered from his disability. Defendant insurer paid all plaintiff's medical, surgical and weekly benefits. Plaintiff suffers from osteoarthritis which antedated the date of the accident herein and plaintiff's disability, if any, as of the date of trial was not the direct and proximate result of the accident of August 16, 1977.

Defendants make much reference to the failure of plaintiff to challenge any of the court's findings. We find that plaintiff sufficiently and specifically challenged three of the pertinent findings.

Plaintiff claims that Dr. Cornish's deposition should not have been admitted in evidence without his signature, absent a stipulation waiving it, as provided for in Rule 30(E) of the Rules of Civil Procedure.

The deposition of Dr. Cornish was taken on November 15, 1978. Plaintiff was represented by Patrick H. Kennedy, a friend of the attorney of record, and defendant was represented by William W. Bivins. Mr. Bivins announced:

> For the record, this deposition is being taken according to the usual stipulations and the doctor waives signature.

The deposition was then taken without any objections. Mr. Kennedy participated in the examination of Dr. Cornish. The deposition was filed of record December 29, 1978, and trial was held May 18, 1979. At trial, defendant offered in evidence the deposition of Dr. Cornish. Plaintiff objected because no stipulation was entered into that Dr. Cornish's signature was waived by the parties. The trial court ruled that plaintiff should have alerted defendant if he intended to object to the lack of waiver. The deposition was admitted in evidence.

Rule 30(E) of the Rules of Civil Procedure reads in pertinent part:

> * * * When the testimony is fully transcribed the deposition *shall* be submitted to the witness for examination and *shall* be read to or by him, unless such examination and reading are waived by the witness and the parties. * * * The deposition *shall* then be signed by the witness, *unless the parties by stipulation waive the signing* * * *. [Emphasis added.]

Rule 30(E) should be read in conjunction with Rule 32(C)(4) which provides:

> * * * Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, *signed*, certified, sealed, indorsed, transmitted, filed, *or otherwise dealt with by the officer under Rules 30 and 31 are waived* unless a motion to suppress the

deposition or some part thereof is made with reasonable promptness *after such defect is, or with due diligence might have been ascertained.* [Emphasis added.]

■ There are two methods under which a waiver of signature by the parties can be accomplished: (1) by stipulation of the parties that signature is waived; (2) absent a stipulation, by failure to file a motion to suppress with reasonable promptness after the lack of signature is, or with due diligence, might have been ascertained.

■ Mere physical presence alone of an opposing lawyer who cross-examined the witnesses does not constitute a waiver of signature. *Crabtree v. Measday*, 85 N.M. 20, 508 P.2d 1317 (Ct.App.1973); *Bernstein v. Brenner*, 51 F.R.D. 9 (D.C.1970). Nevertheless, we are confronted with the silence of Kennedy when Bivins announced that "the doctor waives signature." Does silence constitute a waiver by stipulation of the doctor's signature?

A stipulation is an agreement between lawyers respecting business before the court, and, like any other agreement or contract, it is essential that the parties or their lawyers agree to its terms. *McBain v. Santa Clara Savings & Loan Association*, 241 Cal.App.2d 829, 51 Cal.Rptr. 78 (1966); *First Sec. Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977); *First Nat. Bank In Dallas v. Kinabrew*, 589 S.W.2d 137 (Tex. Civ.App.1979). "Why require a stipulation unless some valuable right is being waived or given up?" *Bourne v. Atchison, Topeka and Santa Fe Railway Co.*, 209 Kan. 511, 497 P.2d 110, 114 (1972).

■ Silence amounts to assent when one lawyer says "it is stipulated and agreed," and the opposing lawyer remains silent. *Bloom .v. Graff*, 191 Md. 733, 63 A.2d 313 (1949). *McBain, supra*, said:

> * * * However, *assent to a stipulation* need not be made in a formal manner and under the particular circumstances of a case, where a party's counsel remains silent and *makes no objection to the stipulation*, his passive acquiescence may con-

**308**

stitute an assent to it.  \* \* \* [Emphasis added.]  [51 Cal.Rptr. 84.]

In the instant case, Bivins did *not* say:

"It is stipulated and agreed that the doctor waives signature."

Silence on the part of Kennedy did not constitute an assent by plaintiff to a stipulation.

The remaining question is:

Did plaintiff's lawyer fail to file a motion to suppress with reasonable promptness after such absent signature of Dr. Cornish is, or with due diligence might have been ascertained?

If plaintiff's lawyer did fail to so file a motion in time within the meaning of Rule 32(C)(4), the deposition was properly admitted in evidence.  If plaintiff's lawyer's objections to Dr. Cornish's deposition use at trial were made with reasonable promptness and due diligence within the meaning of Rule 32(C)(4), *supra*, the deposition of Dr. Cornish was not admissible in evidence. *Crabtree, supra.*  The admission or non-admission of Dr. Cornish's deposition is essential to a determination of this case.

This cause is remanded to the district court to hold a hearing and determine the following facts:

(1) On what date did plaintiff's attorney first know that Dr. Cornish's deposition was not signed?

(2) On what date could plaintiff's lawyer, with due diligence, have ascertained that the deposition was not signed by Dr. Cornish?

(3) Did plaintiff's lawyer fail to file a motion to suppress with reasonable promptness?

The court reporter shall then transcribe the testimony, with an original and two copies thereof, and include therein the decision of the district court and certify the record to this Court with reasonable promptness.

LOPEZ, J., concurs.

ANDREWS, J., dissents.

ANDREWS, Judge (dissenting).

I dissent.  I disagree with the assertion that Mr. Bivins would have had to actually say, "it is stipulated and agreed that the doctor waives signature."  Both parties were represented at the time the deposition was taken, and both representatives participated in the taking of the deposition after Mr. Bivins stated, "[t]hat this deposition is being taken according to the usual stipulations and the doctor waives signature."

This Court should not be willing to allow a participant, one who had the opportunity to take part in the deposition, to try to avoid its effects because of a problem in wording.  The decision in *McBain v. Santa Clara Savings and Loan Association*, 241 Cal.App.2d 829, 51 Cal.Rptr. 78 (1966), does not support the proposition for which it is offered.  Quite the contrary, the underlying rationale of that decision is that formality is unimportant in the face of apparent acceptance of the stipulations.

If the representative did not understand the phrase, "the usual stipulations" to be equivalent to "it is stipulated and agreed that the doctor waives his signature," then what did he understand the phrase to mean?  He certainly acquiesced to that statement—thus, he is bound by that acquiescence.  Logically, the only thing he could have been agreeing to was the waiver.  I would hold him to that agreement and would decide the case on its merits.