WRIGHT *v.* BAKER ET AL.

[No. 95, October Term, 1950.]

316

*Decided March 14, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*D. K. McLaughlin* for the appellant.

*Leo H. Miller* and *Edwin H. Miller,* with whom were *Ottinger & Wachs* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

John K. Baker, Jr., and Catherine R. Baker, owners of a Reo truck, sued S. L. Wright, owner of a tractor-

trailer, and Donald S. Hower, his employee and the operator of the tractor-trailer, for damages to their truck resulting from a collision between the vehicles at the intersection of two state highways in Washington County. Wright filed a counterclaim against the Bakers for damages to the tractor-trailer. George L. McSherry, driver of the Baker truck sued Wright and Hower for personal injuries. The cases were consolidated and submitted to a jury upon issues. There was testimony that Hower was operating on a through highway, that McSherry stopped before he reached the center, and that Hower's tractor-trailer was on the wrong side of the road at the time of the impact. The jury found that Hower and McSherry were each guilty of negligence directly contributing to the happening of the accident. The court entered judgments for the defendants Wright and Hower in each case, and for the Bakers, cross-defendants in the counterclaim. Wright appeals.

The appellant contends that the court erred in submitting the case to the jury on issues, to which action he objected by special exception. Under Rule 7, III. Trials, Rules of Practice and Procedure, the matter is clearly within the discretion of the trial court, and we find no error. Issues are authorized by the rule and are peculiarly appropriate in consolidated cases. Nor do we find any error in the fact that the appellant, in the consolidated cases, was not accorded the privilege of opening and closing the argument on the merits of his counterclaim. *Shedlock v. Marshall,* 186 Md. 218, 225, 46 A. 2d 349.

The appellant contends that the court erred in refusing to direct verdicts in favor of the defendants Wright and Hower. He presented two demurrer prayers to that effect. The record does not show that the court either granted or denied them. In his brief the appellant states that the court "reserved passing on the demurrer instructions both after the conclusion of the plaintiff's case and at the end of the entire case and indicated that if there was a judgment against the

appellant, he would set it aside by judgment N.O.V." The trial court acted within the bounds of its discretion in reserving its ruling. Rule 4, III. Trials, Rules of Practice and Procedure, provides in part: "Instead of granting or denying the motion for a directed verdict the court may submit the case to the jury and reserve its decision on the motion until after the verdict or discharge of the jury, but for the purpose of appeal such reservation constitutes a denial of the motion, unless judgment is entered for the moving party pursuant to Rule 8." Rule 8 provides in part: "Whenever the court reserves decision on a motion for a directed verdict and submits the case to the jury, that operates as a motion for judgment under this rule. * * * Failure to move for judgment under this rule does not affect a party's right upon appeal to assign as error the denial of his motion for a directed verdict." Although there was no motion for judgment N.O.V., the reservation of the court's ruling operated as such a motion. *Beck v. Baltimore Transit Co.,* 190 Md. 506, 515, 58 A. 2d 909; *Atlantic Refining Co. v. Forrester,* 180 Md. 517, 528, 25 A. 2d 667. Rule 4 encourages the submission of doubtful questions to the jury, in order that judgment may be entered on the verdict, in the event of reversal on appeal, without the delay and inconvenience of a second trial.

Judgment was entered for the defendant, however, on the strength of the jury's finding that McSherry was guilty of contributory negligence. Thus, in the end, the defendant got exactly what he asked for. Any error in the ruling, which we do not suggest, was cured by the verdict. *Sieland v. Gallo,* 194 Md. 282, 71 A. 2d 45; *Bloom v. Graff,* 191 Md. 733, 63 A. 2d 313; *Shedlock v. Marshall, supra,* 186 Md. at page 237, 46 A. 2d 349; *Lutzer v. Washington Suburban Sanitary Commission,* 181 Md. 126, 134, 28 A. 2d 839. The appellant cannot object to the judgment in his favor.

The appellant now objects to the entry of the judgment in favor of the Bakers, cross-defendants in his counter-

claim, upon the jury's findings. The answer to this contention is that he did not offer any demurrer prayers or request any binding instructions in connection with the counterclaim. We have recognized that in a proper case, at least where the evidence is undisputed or admits of only one inference, peremptory instructions may be granted upon the issue of contributory negligence, *Garozynski v. Daniel,* 190 Md. 1, 4, 57 A. 2d 339; *State, to use of Creasey v. Penn. R. R. Co.,* 190 Md. 586, 593, 59 A. 2d 190, or upon the issue of primary negligence. *Vogelsang v. Sehlhorst,* 194 Md. 413, 71 A. 2d 295, 298. *Dunstan v. Bethlehem Steel Co.,* 187 Md. 571, 578, 51 A. 2d 288. The appellant filed a special exception to that portion of the charge referring to evidence of negligence on the part of McSherry and on the part of Hower, but the objection stated was only, "that the verdict could be in favor of the Bakers and McSherry." Like the demurrer prayers, the objection was directed solely against the legal sufficiency of the evidence to support a verdict and judgment against the appellant. It made no reference to the counterclaim against the Bakers alone. In the absence of any request for a peremptory instruction or objection to the legal sufficiency of the evidence in the counterclaim, we cannot hold that the court erred in submitting the issues to the jury in that case. The point is not properly before us and it is unnecessary to pass on the merits of the contention or to speculate as to whether the jury might have reached a different result if there had been directed verdicts in the other cases.

*Judgment affirmed, with costs.*