This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANGELES RIVAS, n/k/a**
**ANGELES LOPEZ**

Petitioner-Appellant,

**v.**                                             **A-1-CA-35687**

**MARCOS HUMBERTO RIVAS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia F. Lamar, District Judge**

L. Helen Bennett
Albuquerque, NM

for Appellant

Cuddy & McCarthy, LLP
Julie S. Rivers
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1}     Angeles Lopez, formerly known as Angeles Rivas (Wife), appeals the final decree of dissolution of marriage and order resolving motions for clarification and reconsideration. Wife claims the district court erred in three respects: (1) by denying Wife's request for interim division of income pursuant to Rule 1-122 NMRA; (2) disregarding an alleged stipulation by the parties regarding the value of a community business; and (3) by crediting Marcos Rivas (Husband) with mortgage payments made on community property when calculating child support arrears. We affirm the district court on the first two issues and remand for entry of a corrected order on the third issue.

**BACKGROUND**

{2}     Wife and Husband were married for nine years when Wife filed a petition for dissolution of marriage in June 2013. On the same day the petition was filed, the district court scheduled a hearing for an interim order dividing income and expenses for August 2013. The parties filed a stipulated motion requesting vacation of the hearing and stating "the parties are cooperating through their respective counsel to insure that they are sharing cash assets from the community business." The district court granted the motion and issued an order requiring Husband "to pay all business debt and run the community business" and further "to pay community debt[s] that ha[ve] been ongoing throughout the marriage including the home mortgage, home and car insurance, property taxes, car payment, home owners association dues, cellular phones, his groceries and

transportation costs and other mutually agreed upon expenses of the child." Wife was ordered to pay "for the braces, her credit card debt, her internet, groceries and transportation expenses from the money shared by [Husband]."

{3}     Another hearing for an order dividing income and expenses was scheduled for March 2014. At the request of Husband, and over Wife's objection, this hearing was rescheduled for June 2, 2014. Neither party attended this hearing, and it was rescheduled for June 10, 2014. Wife did not attend the June 10, 2014 hearing and both parties requested the hearing be vacated. The hearing was vacated and the district court informed the parties it would not be reset unless one of the parties requested it. Wife requested another hearing on January 14, 2015, less than a month before trial was scheduled.

{4}     In its final decree of dissolution of marriage, the district court found "[r]etroactive child support, with credit for payments made, is appropriate" and "[r]etroactive [i]nterim [i]ncome [a]llocation will not be ordered." The district court found Husband owed $24,894 in child support arrears and credited Husband with $23,216 in "payments made to Wife and mortgage paid post filing." The credited amount was comprised of three cash payments totaling $11,000 and eight mortgage payments of $1,527. The district court later corrected this finding and found Husband only made two cash payments to Wife totaling $6,000.

{5}     Husband requested the district court find that the community business Right Car Autosales, L.L.C. (Right Car) established during the marriage "ha[d] been

valued at $98,000[,]" but "considering the debt" to other parties "the business ha[d] negative value." Wife requested the district court find "the value of Right Car . . . [was] $98,186 as of December 31, 2013, based on business documentation provided by [Husband]." The district court found "[t]he parties agree that Right Car has a value of approximately $98,000." It also found Right Car "has debt, including [to] Next Gear of approximately $68,500 and possibly to Marvin Espinosa of $80,000. The business has little, if any, equity."

{6}    In a later order resolving motions for clarification and reconsideration, the district court explained that it had denied Wife's request for interim allocation "using [its] inherent discretion" after considering "Wife's failure to attend the half[-]day hearing on [i]nterim [d]ivision of [i]ncome and [d]ebts and her subsequent delay in requesting a new hearing date, the length of the parties' separation, and the payment of debt during the separation." Wife appealed the final decree of dissolution of marriage and the order resolving motions for clarification and reconsideration.

**DISCUSSION**

**I.    The District Court Did Not Abuse Its Discretion by Denying Wife's Request for Interim Division of Income**

{7}    Wife argues that the district court violated Rule 1-122 by denying her motion requesting interim division of income. When determining what a procedural rule requires of the district courts, "we use the same rules of construction applicable to the interpretation of statutes." *Frederick v. Sun 1031,*

*LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 (internal quotation marks and citation omitted). "We first look to the language of the rule." *In re Michael L.*, 2002-NMCA-076, ¶ 9, 132 N.M. 479, 50 P.3d 574 (internal quotation marks omitted). "[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (internal quotation marks and citation omitted).

{8}     Rule 1-122(A) requires that "[a]bsent exceptional circumstances, during the *pendency* of a dissolution of marriage . . . , community income and expenses shall be equally divided between the parties" (emphasis added). This mandatory language requires district courts to divide community income and expenses equally. *See Styka v. Styka*, 1999-NMCA-002, ¶ 37, 126 N.M. 515, 972 P.2d 16 ("The word 'shall' in a statute is mandatory."). The district court discharged this duty when it granted the stipulated motion vacating the income allocation hearing and requiring the parties to continue sharing the business income. Husband was further ordered to "continue to pay all business debt and run the community business[,]" and to "continue to pay community debt that has been ongoing throughout the marriage including the home mortgage, home and car insurance, property taxes, car payment, home owners association dues, cellular phones, his groceries and transportation costs and other mutually agreed upon expenses of the child." Wife was required to "pay for the braces, her credit card debt, her internet,

groceries and transportation expenses from the money shared by [Husband]." By requiring the parties to share the business income and assigning responsibility for expenses, the district court's order discharged the mandatory requirements of Rule 1-122.

{9} While this order discharged the mandatory requirement of entering an interim order allocating income and expenses, we must still review whether it divided the community income and expenses equally between the parties. *See* Rule 1-122. District courts are required to divide community property equally in divorce proceedings, *Irwin v. Irwin*, 1996-NMCA-007, ¶ 10, 121 N.M. 266, 910 P.2d 342, though "there is no requirement that each party receive exactly the same dollar value as long as the community property is equally apportioned by a method of division best suited under the circumstances." *Ridgway v. Ridgway*, 1980-NMSC-055, ¶ 5, 94 N.M. 345, 610 P.2d 749. We review the district court's division of community property for an abuse of discretion. *See Arnold v. Arnold*, 2003-NMCA-114, ¶ 6, 134 N.M. 381, 77 P.3d 285. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65.

{10} Wife argues the district court did not equally divide the income between the parties and focuses on the mortgage payments and the $6,000 Husband paid in cash, while glossing over the other ways Husband supported Wife. Taken in isolation, the limited payments referenced by Wife may yield an unequal

allocation, but these isolated facts do not address the amounts Husband spent on paying business debts, running the community business, home and car insurance, property taxes, car payments, home owner's association dues, or cellular phones. Wife does not argue Husband failed to pay any of these expenses and yet, she fails to account for them when arguing the interim division of income was unequal. Such an incomplete accounting is insufficient to demonstrate the district court's ruling "is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Id.* We conclude the district court discharged its duties under Rule 1-122 by entering an interim order that allocated community income and expenses and did not abuse its discretion in how it chose to allocate the income and expenses.

**II. There Was No Stipulation Regarding the Value of Right Car Accounting for All Debt**

{11} Wife argues the district court abused its discretion by failing to honor a stipulation between the parties regarding the value of Right Car. Husband argues there was no stipulation and if there was a stipulation, Husband did not agree the $98,000 stipulated value of Right Car was free of debt. Wife preserved this argument by arguing it before the district court in a motion for clarification and reconsideration. *See* Rule 12-321(A) NMRA; *Quintana v. Eddins*, 2002-NMCA-008, ¶ 29, 131 N.M. 435, 38 P.3d 203.

{12} "A stipulation is an agreement between lawyers respecting business before the court, and, like any other agreement or contract, it is essential that the parties or

their lawyers agree to its terms." *Garcia v. Co-Con, Inc.*, 1980-NMCA-174, ¶ 11, 96 N.M. 306, 629 P.2d 1235. "[S]tipulations must be construed liberally to give effect to the intent of the parties." *Parks v. Parks*, 1978-NMSC-008, ¶ 16, 91 N.M. 369, 574 P.2d 588. "[I]n seeking the intention of the parties the language should not be so construed as to give it the effect of an admission of a fact obviously intended to be controverted[.]" *Alldredge v. Alldredge*, 1915-NMSC-070, ¶ 6, 20 N.M. 472, 151 P. 311.

{13}     In her proposed findings of fact, conclusions of law and proposed order, Wife proposed the district court find "[t]he parties stipulat[ed] that the value of Right Car . . . , [was] $98,186 as of December 31, 2013, based on business documentation provided by [Husband] to David Zlotnick, C.P.A." Husband asked the district court to find "[t]he business ha[d] been valued at $98,000. . . . However, considering the debt to Marvin Espinosa and to Next Gear, the business has negative value." This discrepancy between what the parties asked the district court to find makes clear there was no agreement between the parties regarding the value of the business after all debt was accounted for. Wife directs our attention to nothing in the record to show such a binding agreement was made before the court.

{14}     We conclude there was no stipulation between the parties to enforce regarding the value of the business after debt had been accounted for and therefore the district court did not abuse its discretion in failing to enforce it.

**III.     Retroactive Child Support**

{15}     Wife argues the district court incorrectly calculated her retroactive child support award by improperly crediting Husband with mortgage payments paid on community property. Husband argues the district court correctly calculated and awarded retroactive child support and was within its discretion to credit Husband for the mortgage payments. "The determination of child support is within the district court's discretion and we review it on appeal only for an abuse of discretion." *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65. When challenged, findings of fact used by the district court to set child support are reviewed for substantial evidence. *Alverson v. Harris*, 1997-NMCA-024, ¶ 23, 123 N.M. 153, 935 P.2d 1165. When reviewing for substantial evidence, "we review the evidence in the light most favorable to support the district court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below." *Gabriele v. Gabriele*, 2018-NMCA-042, ¶ 18, 421 P.3d 828 (alteration, internal quotation marks, and citation omitted), *cert. denied*, 2018 ___NMCERT___ (No. S-1-SC-36945, Jan. 31, 2018).

{16}     The district court awarded Husband a total of $23,216 in credit "for payments made to Wife and mortgage paid post filing." This total was derived from two $5,000 cash payments, one $1,000 cash payment, and eight mortgage payments of $1,527 made on the marital residence before it was sold. The district

court later corrected itself and found Husband had made only one $5,000 cash payment, for a total of $6,000 in cash payments from community income, though it did not accordingly adjust the amount for retroactive child support credit. The district court also found Husband reimbursed the business account, a community asset, for the $5,000 payment. Because a finding Husband reimbursed the business account would be unnecessary if Husband had done so using money from another business account owned by the community, it is logical to infer from this finding that Husband reimbursed the community with personal property. This finding is sufficient to show Husband paid the $5,000 from his personal property and therefore he should receive full credit for it. *See Olivas v. Olivas*, 1989-NMCA-064, ¶ 15, 108 N.M. 814, 780 P.2d 640.

{17}     No such finding of fact supports the conclusion that he paid the $1,000 from his personal property and no finding describes it as part of the interim division of income. The party in control of community income carries the burden to show any payments made to the other party or to the community are from their personal property. *See id.* Absent a specific finding to the contrary, it is assumed payments are made from the community. *See id.*; *see also Medina v. Medina*, 2006-NMCA-042, ¶ 11, 139 N.M. 309, 131 P.3d 696 ("[T]he general rule is that until spouses obtain a final, judicial order dissolving their marriage . . . they retain all the legal benefits and obligations of the marital status, including the presumption that all property acquired during the marriage is community property." (citation omitted)).

Husband was in control of the community income, and there was no specific finding Husband paid the $1,000 from his personal property. Husband should therefore receive $500 of credit for this payment, because half of the total payment amount was his share of the community property it was made from.

{18} We note Husband was given full credit for eight mortgage payments made before the house was sold. Despite his payment of the mortgage being mandated by the interim order allocating income and expenses, there was no accompanying finding that Husband paid the mortgage with separate income. Although the original mortgage was obtained before the marriage, Wife concedes the mortgage was a community debt. The district court made no specific finding Husband paid the mortgage using his personal property, and we therefore assume the mortgage was paid using community property. *See Olivas*, 1989-NMCA-064, ¶ 15; *see also Medina*, 2006-NMCA-042, ¶ 11. Since Husband used community resources to pay a community debt, Husband should not have received any credit or offsets for those mortgage payments. Husband's failure to argue or introduce evidence the mortgage payments were made from his personal property renders the district court's finding regarding his child support credit unsupported by the evidence.

{19} Having corrected its own findings of fact regarding the number of $5,000 payments made, the district court's conclusion that Husband was entitled to $23,216 of credit to offset his child support arrearages was not supported by substantial evidence. Applying the law of community property to the findings of

the district court, the finding that Husband was entitled to full credit for payments made with community resources on a community debt was "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *See Sims*, 1996-NMSC-078, ¶ 65. Lastly, we conclude the district court abused its discretion by crediting Husband for the full $1,000 of the cash payment made from community property. We remand to the district court to enter a corrected order crediting Husband only for the $5,500 in cash payments made to Wife to offset his child support arrearages.

**CONCLUSION**

{20} We remand to the district court for a corrected order crediting Husband for only $5,500 to offset his child support arrearages, increasing his total child support arrearages to $17,716.

{21} **IT IS SO ORDERED.**


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**EMIL J. KIEHNE, Judge**